MORITZ FELSTINER and Another, Respondents, *v.* SAMUEL WIDELITZ, Appellant, and Others, Under-Tenants.

(Supreme Court, Appellate Term, First Department, November Term — Filed December, 1921.)

Evidence — landlord and tenant — summary proceedings — an unfair attempt to arouse sympathy of jury cannot be met on cross-examination by an attempt to arouse their prejudice.

On the trial of a summary proceeding the tenant testified that in a conversation with one of the landlords he was asked for an increase of rent and when he refused was told that if he did not pay something in addition on the rent he would not be able to stay in the premises " the whole time " and that he answered " I got a wife and eight children to support. Now after I put so much money in the building why don't you leave me alone and give me a chance to live? I pay always my rent on time, why bother me? I got a straight lease from the beginning. I got a straight lease for five years now. After five years, then you get the building. You got enough." No motion to strike out this testimony was made, neither did counsel for the landlords ask the trial justice to admonish the jury that they must not be influenced by any claim for sympathy on the part of the tenant. The tenant was asked on cross-examination how many leases he had and how many houses he owned and when his counsel took the objection that it was incompetent, irrelevant and immaterial, the court stated that it did not see the purpose of the question. The landlords' counsel then said: " This man had volunteered the information — and he did not do it of his own accord — that he was a man with a family of eight children — a poor man with eight children to support. My purpose is to show that this man is a man that has any number of houses that he owns in fee and dozens of houses on lease, and is a very rich man." The court stated that it made no difference whether the man was rich or poor, but when the landlords' counsel added, " I agree with your Honor entirely and I would not have brought it in out of the mouth of my client, but since he has brought it in and placed himself on the sympathy of the jury — "

the objection made by the tenant's counsel was overruled. *Held,* that such ruling was prejudicial error, for which the final order awarding possession of the premises to the landlords will be reversed and a new trial ordered.

APPEAL by the tenant from a final order awarding possession of the premises to the landlords, and also from an order denying the tenant's motion for a new trial.

Paul Hellinger (Nathan Ottinger, of counsel), for appellant.

Spiro & Abrams (I. Maurice Wormser, Abraham I. Spiro, of counsel), for respondents.

LEHMAN, J. On or about October 1, 1915, the plaintiffs and the defendant Widelitz entered into a lease of premises in the city of New York. After the expiration of that lease, the parties agreed that it should be renewed for a period of five years, expiring October 1, 1923, under the same conditions as were contained in the old lease, with certain exception. The landlords claim the original lease was an informal document setting forth only a few terms and providing that otherwise the lease should be upon the same terms as the lease of another building rented by this defendant from the same landlords. That lease contained a provision permitting the landlords to terminate the lease upon notice after a sale of the premises. The tenant, on the other hand, claims that the original lease was written out on a printed form and contained no provisions for cancellation or termination. The landlords have now sold the premises, and have given the defendant notice of termination of the lease. The right of the landlords to terminate the lease naturally depends upon the terms of the instru-

ment itself, but both parties claim that they have lost their respective copies of this lease. Each side presented testimony to sustain its version of the original lease, and this was the only issue presented to the jury, which brought in a verdict for the landlords.

During the course of the trial the tenant testified to a conversation which he claims he had with one of the landlords prior to the giving of notice of cancellation. In that conversation he claims that the landlord asked him for an increase of rent, and when he refused, the landlord told him that if he did not pay something in addition on the rent he would not be able to stay in the premises " the whole time," and that he answered, " I got a wife and eight children to support. Now, after I put so much money in the building why don't you leave me alone and give me a chance to live? I pay always my rent on time, why bother me? I got a straight lease from the beginning. I got a straight lease for five years now. After five years, then you get the building. You got enough." The landlords' attorney did not move to strike out this testimony, nor did he ask the trial justice to admonish the jury that they must not be influenced by any claim for sympathy on the part of the tenant, but on cross-examination they asked the tenant how many leases he had and how many houses he owned. The tenant's counsel objected to this as incompetent, irrelevant and immaterial, and the court stated that it did not see the purpose of the question. The landlords' counsel then said: " This man had volunteered the information — and he did not do it of his own accord — that he was a man with a family of eight children — a poor man with eight children to support. My purpose is to show that this man is a man that has any number of houses that he owns in fee and dozens of houses on lease, and is a very rich man." The court stated that

Appellate Term, First Department, December, 1921. [Vol. 117

it made no difference whether the man is rich or poor, but when the landlords' counsel added, " I agree with your Honor entirely and I would not have brought it in out of the mouth of my client, but since he has brought it in and placed himself on the sympathy of the jury — " the court overruled the objection. It seems to me that this constituted prejudicial error which this court cannot overlook. We cannot assume that the tenant was appealing to the sympathy of the jury when he testified as to the details of an alleged conversation. Even if he did make an improper appeal, the only remedy of the landlords would be to move for the withdrawal of a juror or an admonition to the jury to guard themselves against the effect of sympathy. Even an unfair attempt to arouse the sympathy of the jury cannot be met by an attempt to arouse their prejudice. If the courts are to do justice, litigants must be held to testimony that has a bearing on the question at issue and, even on cross-examination, to such questions as legitimately tend to impeach or discredit a witness or party. The landlords' attorney attempts to justify these questions on the ground that they affect the credibility of the tenant, but I fail to find in the testimony I have quoted any statement of the tenant that he was a " poor man " which would be discredited or rendered improbable by any evidence which would tend to show that he owned or leased a considerable number of houses.

For this reason, and without now passing upon the other alleged errors in the admission or exclusion of evidence the final order should be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

DELEHANTY, J., concurs; WHITAKER, J., dissents.

Order reversed.